UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHERI WESTPHAL AND ROBERT WESTPHAL, individually, and the marital community composed thereof, | CASE NO. C25-1873RSM |
| Plaintiffs, | ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER |
| v. | |
| THE KROGER CO., an Ohio Corporation, FRED MEYER STORES, INC., an Ohio Corporation, DOE CONTRACTORS 1-5, and DOE CORPORATIONS 1-5, | |
| Defendants. | |

This matter comes before the Court on the parties' Stipulated Motion for Protective Order, Dkt. #14.  According to the Complaint, "[t]he incident giving rise to this lawsuit was a slip and fall that occurred…. At Fuel Center #9215…" Dkt. #1-3 at 2–3.  This appears to be a standard slip and fall case.

"The court may enter a proposed stipulated protective order as an order of the court if it adequately and specifically describes the justification for such an order, it is consistent with court rules, it does not purport to confer blanket protection on all disclosures or responses to discovery, its protection from public disclosure and use extends only to the limited information or items that

ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER – 1

are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle the parties to file confidential information under seal." LCR 26(c)(2).

The Court finds that the proposed Protective Order does not conform to the above requirements. The parties list the following as confidential material:

> …store safety protocols, employee manuals on store safety protocols; store policies and procedures with respect to the safety of its customers; store policies and procedures with respect to safety rules, cleaning, maintenance, and inspection of the premises; store policies and procedures with respect to preventing or responding to the presence of water, foreign substances and/or debris on the floor; store policies and procedures with respect to hiring and training employees, and training materials provided to employees; documents related to other similar store incidents; employee authored incident reports relating to incident; Plaintiffs' medical records and other personal and confidential information; and Plaintiff's tax returns and other financial or business information.

Dkt. #14 at 2.

This could easily be a list of every relevant document or record at issue. The parties therefore "purport to confer blanket protection on all disclosures or responses to discovery" in violation of LCR 26(c)(2). While Plaintiffs' medical records and tax returns are clearly entitled to confidential treatment, their "personal and confidential information" is too broad of a category. As for Defendants, their store policies "with respect to preventing or responding to the presence of water" and the like are not clearly trade secrets or commercially sensitive information. These policies are likely shared with thousands of current and former Kroger employees and will be at issue in this public trial. The parties submit no argument to justify treating these documents as confidential or otherwise departing from the model protective order's guidelines. Accordingly, this Motion will be denied.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that the parties' Stipulated Motion for Protective Order, Dkt. #14, is

ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER – 2

DENIED.   The Court advises the parties to come up with a narrower list of confidential documents and to re-submit this motion.

DATED this 2nd day of February, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER – 3